[Civ. No. 29627. First Dist., Div. Two. Mar. 20, 1972.]

WILLIAM J. SIPPEL, Plaintiff and Appellant, v.
ALFRED J. NELDER, as Chief of Police, etc., Defendant and Respondent.

**COUNSEL**

William J. Sippel, in pro. per., for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Raymond D. Williamson, Jr., Deputy City Attorney, for Defendant and Respondent.

## OPINION

**ROUSE, J.**—Plaintiff William Sippel brought this mandamus action against the San Francisco Chief of Police, seeking to invalidate certain San Francisco ordinances and to compel the defendant to cease depriving plaintiff of his right to purchase a concealable firearm and possess same at his residence.

Section 613 of the San Francisco Police Code provides in pertinent part that it shall be unlawful for any person in the business of selling concealable firearms to sell such a weapon to a person who does not exhibit a permit issued by the San Francisco Chief of Police authorizing the purchase of said firearm.

Section 35.6 of the San Francisco Municipal Charter provides in pertinent part that the chief of police may refuse to issue any permit "if it shall appear that the character of . . . the applicant requesting such permit does not warrant the issuance thereof. . . ."

Plaintiff Sippel is approximately 40 years of age, a citizen of the United States and a resident of San Francisco. He has never been convicted of a felony and has never been a narcotics user or addict.

On March 11, 1970, plaintiff attempted to purchase a concealable firearm, to be kept at his residence, from a San Francisco pawnshop. However, the clerk advised him that he was required to obtain a permit from the police department authorizing the purchase of such firearm.

Plaintiff went to the police department and applied for a permit. Following an interview, the permit was denied. The basis for the denial was that plaintiff had been convicted of five misdemeanor offenses, including trespass, shoplifting and petty theft. In addition, the officer who interviewed plaintiff felt that he demonstrated a belligerent attitude toward the police and that the existence of this attitude was borne out by police records showing that plaintiff had in the past used profane language and made threats toward arresting officers.

Following the exhaustion of his administrative remedies, plaintiff brought the instant action. The trial court found against plaintiff and entered a judgment denying him a peremptory writ of mandate. The instant appeal followed.

■ The crucial issue in this case is whether plaintiff is correct in contending that San Francisco cannot lawfully require a permit to purchase a concealable firearm because the state has preempted the field. This question must be answered in the affirmative.

■ The California Penal Code establishes various classes of individuals who are prohibited from possessing concealable firearms. These classes include aliens, felons and narcotics addicts. (Pen. Code, § 12021.) It is also unlawful for any person to carry a concealed weapon upon his person or within a vehicle unless he is licensed to do so. (Pen. Code, § 12025.)

However, Penal Code, section 12026, provides that "Section 12025 shall not be construed to prohibit any citizen of the United States over the age of 18 years who resides or is temporarily within this State, and who is not within the excepted classes prescribed by Section 12021, from owning, possessing, or keeping within his place of residence or place of business any pistol, revolver, or other firearm capable of being concealed upon the person, and no permit or license to purchase, own, possess, or keep any such firearm at his place of residence or place of business shall be required of him."

In *Galvan* v. *Superior Court* (1969) 70 Cal.2d 851 [76 Cal.Rptr. 642, 452 P.2d 930], our Supreme Court was called upon to determine whether a San Francisco ordinance providing for the registration of firearms was unlawful because it was in conflict with or impliedly preempted by the state laws concerning weapons. The court held that the ordinance was valid because the state Legislature had not evinced the intent to preempt the field of gun registration and the ordinance did not provide for a "license" or "permit" in violation of Penal Code, section 12026. The court took considerable pains to distinguish a simple registration ordinance from an ordinance which required that a permit be obtained and which conditioned the issuance of such permit upon requirements such as "good moral character" (p. 858). The clear import of the decision was that an ordinance of the latter type would be in direct violation of Penal Code, section 12026.

■ Following the *Galvan* decision, the Legislature in 1969 enacted Government Code, section 9619, which effectively eliminated any doubt as to the legislative intent to occupy the entire field of registration and licensing of firearms. (*Olsen* v. *McGillicuddy* (1971) 15 Cal.App.3d 897, 902 [93 Cal.Rptr. 530].)

Section 9619 provides that "It is the intention of the Legislature to occupy the whole field of regulation of the registration or licensing of commercially manufactured firearms as encompassed by the provisions of the Penal Code, and such provisions shall be exclusive of all local regula-

tions, relating to registration or licensing of commercially manufactured firearms, by any political subdivision as defined in Section 1721 of the Labor Code."[1]

In the case at bar, it is apparent that the combined effect of the two San Francisco ordinances challenged by plaintiff is to prohibit the purchase of a concealable firearm unless the prospective purchaser qualifies for a police permit by establishing that his character warrants the issuance of such permit. The plaintiff in the instant case did not fall within the excepted classes prescribed by Penal Code, section 12021, and he was therefore entitled, under Penal Code, section 12026, to possess a concealed firearm at his residence without obtaining a license or permit of any kind. Under the reasoning of the *Galvan* case, municipal regulations such as the San Francisco ordinances would clearly have been invalid even prior to the enactment of Government Code, section 9619, since they are in direct conflict with Penal Code, section 12026.

■ The record which was before the trial court in this case is such as to strongly suggest that there exists a critical need for implementation of existing firearm licensing and registration regulations. However, as appellant has so ably argued in his excellent brief, this is properly a matter for the Legislature and not the courts. With the enactment of Government Code, section 9619, the Legislature resolved any possible doubt as to its intent to fully occupy the field of firearm control, both in terms of registration and licensing. Indeed, the statute could not have been worded in a clearer and less ambiguous manner. We must conclude, therefore, that the ordinance here involved, insofar as it purports to regulate the licensing or registration of firearms, is invalid.

The judgment is reversed and the trial court directed to issue plaintiff the writ of mandate prayed for.[2]

Taylor, P. J., and Kane, J., concurred.

---

[1]Both cities and counties are political subdivisions under Labor Code, section 1721.

[2]It may be noted that plaintiff suggests in his opening brief that he should be awarded punitive damages in the amount of $1,500. As defendant correctly points out, no such damages were sought in the trial court and plaintiff is precluded from raising this issue for the first time on appeal.